1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11    RODERICK K. THOMPSON,                    )    NO. CV 06-1282 PA (FMO)
                                               )
12                        Petitioner,          )
                                               )
13              v.                             )    **ORDER DISMISSING PETITION WITH**
                                               )    **PREJUDICE**
14    J. TIM OCHOA, Warden,                    )
                                               )
15                        Respondent.          )
      _____ )
16

17                              <u>**INTRODUCTION**</u>

18         On March 1, 2006, petitioner, a California state prisoner proceeding <u>pro se</u>, filed a Petition

19    for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.

20    On October 11, 2006, respondent[1] filed an Answer to the Petition ("Return"). On December 13,

21    2006, petitioner filed a Traverse ("Reply"). On February 23, 2010, the Court stayed the Petition

22    pending the Ninth Circuit's en banc decision in <u>Hayward v. Marshall</u>. On June 11, 2010,

23    respondent filed a Supplemental Memorandum of Points and Authorities Re: The Impact of

24    *Hayward* ("Resp's Memo"). Petitioner filed a Memorandum Re: Impact of *Hayward* ("Petr's Memo")

25    on June 14, 2010.

26

27    _____

28         [1] J. Tim Ochoa, Warden of Chuckawalla Valley State Prison, where petitioner is incarcerated, is substituted for his predecessor. <u>See</u> Fed. R. Civ. P. 25(d).

1   Having reviewed the allegations in the Petition as well as the matters set forth in the record,
2   the Court concludes that the Petition must be denied and the action dismissed with prejudice.

3                                  **PRIOR PROCEEDINGS**

4       In Kings County Superior Court (Case No. 6429), petitioner pled guilty to second-degree
5   murder (Cal. Penal Code § 187(a)) and, on November 24, 1981, was sentenced to 15 years to life
6   in state prison.  (See Exhibit 1, Exh. A at 19-20; Exhibit 5 at 7 & 8).  Petitioner's minimum parole
7   eligibility date was September 21, 1989.  (See Exhibit 1, Exh. B at 34).

8       On December 2, 2003, the Board of Prison Terms ("Board") held a parole suitability hearing
9   ("Hearing") and found petitioner unsuitable for parole.[2]  (Exhibit 1, Exh. B at 32 & 75-76).  On
10  January 28, 2004, petitioner filed a petition for writ of habeas corpus in the Kings County Superior
11  Court.  (Exhibit 1).  On February 24, 2004, the habeas petition was transferred to the Riverside
12  County Superior Court, which denied the petition on April 1, 2004, without prejudice to petitioner
13  refiling his claims relating to his plea bargain in the sentencing court.  (See Exhibit 2).  On March
14  30, 2005, the Kings County Superior Court denied the petition in a written, reasoned opinion.[3]
15  (Exhibit 3).  On April 22, 2005, petitioner filed a petition for writ of habeas corpus in the California
16  Court of Appeal, which was denied on June 16, 2005, with a citation to In re Rosenkrantz, 29
17  Cal.4th 616 (2002).  (Petition, Exhs. G & H).  On June 23, 2005, petitioner filed a petition for
18  review in the California Supreme Court, which was denied on August 31, 2005, without comment
19  or citation to authority.  (Id., Exhs. I & J).

20      On March 1, 2006, petitioner filed the instant Petition, challenging the Board's denial of
21  parole on December 2, 2003.

22  / / /

23  _____

24  [2]  The December 2, 2003, Hearing appears to have been petitioner's eighth parole suitability
25  hearing.  (See Petition at 4 (The court sequentially numbers the pages in the Petition, excluding
    the exhibits attached thereto, i.e., 1-17); Reply at 3-4).

26  [3]  The habeas petition denied by the Kings County Superior Court on March 30, 2005, is
27  identical to the habeas petition denied by the Riverside County Superior Court on April 1, 2004.
    (See Exhibit 1; Exhibit 2; Exhibit 3).  It is unclear to the Court why the same petition was denied
28  by two superior courts.

**PETITIONER'S CONTENTIONS**

In his Petition, petitioner challenges his parole denial, (Petition at 4-16; <u>see</u> Reply at 3), and raises the following claims for federal habeas relief:

1.      The Board violated petitioner's right to due process when it breached his plea agreement in that it was "[h]is cognizable understanding [that] he would not be punished more severe than specified in the plea agreement[,]" he should have been granted parole after serving his minimum term, and "he is being denied [parole] solely [based] upon the commitment offense." (<u>See</u> Petition at 4-7).

2.      The Board violated petitioner's right to due process because its decision to deny parole was "devoid or unweighed by any preponderance of reliable, relevant evidence." (<u>See</u> <u>id.</u> at 4 & 8-10).

3.      The Board violated petitioner's right to due process because its decision to deny parole was not supported by "some evidence." (<u>See</u> <u>id.</u> at 11-14).

4.      The Board violated petitioner's right to due process because the decision to deny parole was predetermined and based solely on the static factor of petitioner's commitment offense. (<u>See</u> <u>id.</u> at 11 & 15-16).

**DISCUSSION**

Petitioner's claims challenge the sufficiency of the reasons and evidentiary basis for the Board's December 2, 2003, decision to deny parole. (<u>See</u> Petition at 4-16). As such, petitioner's claims are foreclosed by the Supreme Court's recent decision in <u>Swarthout v. Cooke</u>, 2011 WL 197627 (U.S. Jan. 24, 2011) (<u>per</u> <u>curiam</u>).

In <u>Swarthout</u>, the Supreme Court stated that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." 2011 WL 197627, at *2; <u>see</u> <u>id.</u> at *3 ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement."). Any inquiry into the actual merits of a parole decision involves a question of state law that is not cognizable on federal habeas review. <u>See</u> <u>id.</u> at *3 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review (a procedure beyond what the

3

1   Constitution demands) was correctly applied."); see also Langford v. Day, 110 F.3d 1380, 1389

2   (9th Cir. 1996, as modified Apr. 14, 1997), cert. denied, 522 U.S. 881, 118 S.Ct. 208 (1997)

3   ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus.").

4           Under Swarthout, federal habeas review of a state parole decision is limited to whether the

5   prisoner received constitutionally adequate procedures, not whether the state court decided the

6   case correctly as a matter of state law.  See Swarthout, 2011 WL 197627, at *3 ("[W]e have long

7   recognized that a mere error of state law is not a denial of due process.  Because the only federal

8   right at issue is procedural, the relevant inquiry is what process [petitioners] received, not whether

9   the state court decided the case correctly.") (internal quotation marks and internal citations

10  omitted); see also id. at *2 ("When, however, a State creates a liberty interest, the Due Process

11  Clause requires fair procedures for its vindication – and federal courts will review the application

12  of those constitutionally required procedures.").  Moreover, "the procedures required are minimal."

13  Id. at *2 (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1,

14  16, 99 S.Ct. 2100, 2108 (1979) (adequate process consisted of an opportunity to be heard and

15  a statement of reasons for parole denial)).

16          In light of Swarthout, it is clear that petitioner's claims are not cognizable claims for relief.[4]

17  Further, there is no claim that the procedural components of petitioner's parole hearing violated

18

19

20  [4] In addition to being noncognizable, Ground One, where petitioner contends that it was "[h]is
    cognizable understanding [that] he would not be punished more severe than specified in the plea
21  agreement[,]" (Petition at 5), also fails on the merits.  The record shows that, pursuant to the plea
    agreement, petitioner pled guilty to second-degree murder in exchange for the dismissal of other
22  charges and was sentenced to 15 years to life in state prison with the possibility of parole, i.e.,
    his minimum parole eligibility date was September 21, 1989, and the maximum term is life.  (See
23  Petition at 1; Exhibit 1, Exh. A at 19 & Exh. B at 34; Exhibit 5 at 7-8); see also In re DeLuna, 126
    Cal.App.4th 585, 599 (2005, as modified Mar. 3, 2005) ("We see nothing in the record indicating
24  that the 1985 plea bargain included a promise by the prosecutor either that defendant would be
    released on parole at any specific time, that defendant would be released according to the
25  regulatory matrix, or that the prosecutor would cease arguing on a given date that defendant's
    second degree murder was especially callous.  Absent such evidence, defendant cannot establish
26  that his continued incarceration is a breach of his bargain."); In re Honesto, 130 Cal.App.4th 81,
    92, review denied (2005) ("A plea agreement violation claim depends upon the actual terms of the
27  agreement, not the subjective understanding of the defendant or deficient advice provided by his
    attorney.").
28

1  due process, (see, generally, Petition at 1-17; Reply at 1-17), as the record affirmatively shows

2  that petitioner was represented by counsel, gave testimony, presented beneficial evidence and

3  was notified of the reasons for the Board's decision.  (See, generally, Exhibit 1, Exh. B at 32-76).

4  Thus, the procedures followed by the Board were constitutionally sufficient.  See Swarthout, 2011

5  WL 197627, at *2-3; Greenholtz, 442 U.S. at 16, 99 S.Ct. at 2108 ("The Constitution does not

6  require more[ process].");  Tash v. Curry, 2011 WL 304377, at *1 (9th Cir. 2011) (unpublished per

7  curiam opinion); see also Tran v. Hartley, 2011 WL 283351, at *1 (E.D. Cal. 2011) ("Petitioner was

8  present at his parole hearing, was given an opportunity to be heard, and was provided a statement

9  of reasons for the parole board's decision.  The Constitution does not require more process.

10  Therefore, the instant petition does not present cognizable claims for relief and must be summarily

11  dismissed.") (internal quotations marks, brackets and internal citations omitted).  In short, the

12  instant Petition does not present cognizable claims for relief and must be summarily dismissed.

13  See McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572 (1994) ("Federal courts are

14  authorized to dismiss summarily any habeas petition that appears legally insufficient on its

15  face[.]"); Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("If it

16  plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

17  in the district court, the judge must dismiss the petition and direct the clerk to notify the

18  petitioner.").

19      Based on the foregoing, IT IS ORDERED THAT:

20      1.      Judgment shall be entered dismissing the action with prejudice.

21      2.      The Clerk shall serve copies of this Order and the Judgment herein on the parties.

22

23  DATED: February 7, 2011

24

25  _____

26      PERCY ANDERSON
        UNITED STATES DISTRICT JUDGE

27

28